[Civ. No. 6469. Third Appellate District.—July 16, 1940.]

In the Matter of the Estate of MOTLEY H. FLINT, Deceased. KATHARINE F. MacKAY, Appellant, v. SECURITY–FIRST NATIONAL BANK OF LOS ANGELES, as Executor, etc., Respondent.

Mitchell, Johnson & Ludwick for Appellant.

Frank R. Sachse, Flint & MacKay and James P. Mackel for Respondent.

THOMPSON, Acting P. J.—Katharine F. MacKay has appealed from a portion of the final decree of distribution

which was rendered in the estate of Motley H. Flint, deceased. The court found that upon the termination of the trusts which were created in favor of Katharine B. Flint, the sister-in-law, and Gertrude Cottrell Flint, the widow of the deceased, the residue thereof should be applied to the payment of general legacies bequeathed to the appellant, Katharine F. MacKay, a niece of the testator, and to several non-kindred legatees, and that if the assets of the estate were insufficient with which to pay all of said general legacies in full, then said funds should be applied *pro rata* to the payment of the legatees ''in the proportion that each of such legacies bears to the total of such legacies''. The appellant contends that under section 1361 of the Civil Code, as it existed at the time of the death of the testator, the court should have first directed the payment in full of her legacy, before non-kindred legatees were permitted to participate therein.

Motley H. Flint died testate in Los Angeles July 14, 1930, leaving surviving him a widow, a sister-in-law and one niece. Upon application therefor, the will and three codicils thereto were admitted to probate, and the Security-First National Bank of Los Angeles was appointed and qualified as executor.

The estate was appraised at the sum of $470,365.90. There was expended for payment of debts, taxes and costs of administration the sum of $409,099.60, leaving a balance on hand of only $61,266.60, including cash in the sum of $19,-584.53. The will created a trust fund for the benefit of Katharine B. Flint, the sister-in-law of the testator, from the net income of which she was to be paid $200 each month during her lifetime. A trust fund of $50,000 was also set apart for the maintenance of Gertrude Cottrell Flint, the widow of the deceased, during her lifetime. In addition to the previously-mentioned bequests, the will provided for ten general legacies aggregating the sum of $252,500. All of these general legacies were for the benefit of non-kindred of the testator except the first two, both of which were in favor of the appellant, Katharine Flint MacKay, daughter of a deceased brother of the testator. She was given $25,000 absolutely, and a trust fund was directed to be created in her favor for the additional sum of $50,000. None of the general legacies were paid. The assets of the estate were insufficient with which to pay any of them. ■ With re-

spect to the payment of these general legacies, the thirteenth clause of the third codicil to the will provides:

"In the event that the requirements for filling the trusts for my mother, my wife and my sister-in-law shall make it impossible to fully pay and satisfy the other bequests contained in said last will and the codicils thereto, *it is my wish that they shall then be ratably decreased to the extent found necessary.*"

The mother of Motley H. Flint died before his demise. The other legatees survived him, and they are now living.

At the time of the death of Motley H. Flint in 1930, section 1361 of the Civil Code provided, under the heading "Legacies how charged with debts":

"Legacies to husband, *widow, or kindred of any class* are chargeable only after legacies to persons not related to the testator."

Section 1362 of the Civil Code then provided:

"Abatement takes place in any class only as between legacies of that class, *unless a different intention is expressed in the will.*"

In accordance with the intention of the testator expressed in the previously-quoted thirteenth clause of the third codicil, the court provided in the final decree of distribution with respect to the abatement of the general legacies at the deaths of Katharine B. Flint and Gertrude Cottrell Flint and the termination of their trusts, in the event of a lack of funds with which to pay the legacies in full, that:

"(c) Upon the death of Katharine B. Flint, the *corpus* and any undistributed income of said trust, or in the event Katharine B. Flint does not survive Gertrude Cottrell Flint, then upon the death of Gertrude Cottrell Flint, the *corpus* and any undistributed income of said trust for the benefit of said Gertrude Cottrell Flint and any other assets of said estate not hereinafter specifically described, to the extent the same may be necessary to fully pay said legacies, are hereby distributed to the following general legatees *in the proportion that each of such legacies bears to the total of such legacies.*"

From the preceding quoted portion of the decree of distribution Katharine F. MacKay, who is the only next of kin to whom general legacies were given, has appealed. She contends that the court erred in decreeing that the residue of the estate upon termination of the trusts created for the

benefit of Katharine B. Flint and Gertrude Cottrell Flint shall be distributed to the general legatees "in the proportion that each of such legacies bears to the total of such legacies". The appellant asserts that since she is the only *kindred* of the testator among the general legatees that all of the remaining debts and obligations of the estate must be first paid from the general legacies to those who are strangers and not kindred of the deceased.

Construing the application of section 1361 of the Civil Code, as it existed at the time of the death of the testator, the appellant asserts that:

"Upon the death of Gertrude Cottrell Flint and Katharine B. Flint, the *corpus* and any accrued income of these trusts and any other assets of the estate not specifically described in the order should first be devoted to the payment in full of the $50,000.00 general legacy to Katharine F. MacKay in trust, and the $25,000.00 to Katharine F. MacKay absolutely before resort may be had to said assets for the payment of any of the other general legacies."

The decree of distribution properly held in accordance with the intention of the testator expressed in his will that if the assets of the estate are insufficient to fulfill the trusts established in favor of his wife and his sister-in-law, the general legacies shall then be decreased ratably. ██ Clearly the legacies bequeathed to the appellant, Katharine F. Mac-Kay, and the non-kindred of the testator are classified as general legacies. (Sec. 1357, subd. 5, Civ. Code, now sec. 161, subd. 5, Prob. Code.) The last-mentioned legatees, therefore, all belong to the same class. Section 1362 of the Civil Code, as it existed at the time of the death of the testator, provided that "Abatement takes place in any class only as between legacies of that class, *unless a different intention is expressed in the will.*" In the present case the testator clearly expressed his intention by saying all "*other bequests* . . . shall then be ratably decreased", that all general legacies to his kindred and non-kindred legatees should be reduced *pro rata* in the event that the assets of the estate proved to be insufficient to pay in full the bequests in trust to his widow and his sister-in-law together with all other general legacies. That express request of the testator is therefore controlling. (28 R. C. L., p. 302, sec. 282; 101

A. L. R. 704, note.)  In 28 Ruling Case Law, at page 303, it is said in that regard:

"The testator has control over the order of abatement by showing his wishes clearly in his will, either by express words, or by indirection."

The rule is stated in the caption to the note on that subject found in 191 American Law Reports at page ˙704, as follows:

"When the chances of deficiency are anticipated and provided for by the express terms of the will, the directions of the testator in such regard, as interpreted by the court from a consideration of the abatement provision in connection with all the other pertinent provisions of the will, will govern, and the loss be borne by those upon whom testator places it."

Likewise in 34 American Law Reports at page 1253 numerous cases are cited in support of the statement that:

"In all instances where it appears from the will that the testator anticipated that his estate might be insufficient to pay all legacies in full, and provided for abatement in a certain order, that intention, as expressed, governs."

Having specifically provided in his will that the general legacies should be reduced *pro rata*, without regard to the kinship of the legatees, if the funds were insufficient to pay them in full, we must assume Motley H. Flint, the testator did not desire to make any distinction between the appellant and the non-kindred legatees in that regard.  The only reasonable construction of the disputed clause of the codicil is that the testator thereby designated the bequests for the maintenance of his wife and his sister-in-law as preferred legacies which he desired to be first paid after debts and expenses of administration had been first met.  All other legacies are placed in one group, regardless of kinship or non-kinship.  With respect to abatement, these other legatees are all to be treated alike.  If the assets of the estate are insufficient to pay all of these "other bequests" in full, after the legacies to the wife and sister-in-law are first satisfied, then each of the *other* legacies are to be "ratably decreased".

The testator's wish, so expressed in the will, is therefore controlling.

That portion of the decree of distribution from which this appeal was perfected is affirmed.

Paulsen, J., *pro tem.*, and Tuttle, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 12, 1940.